# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CELALETTIN AKARCAY,**

      **Plaintiff,**

**v.**                                                                         **Case No:   6:15-cv-1760-Orl-22KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

     This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 23)**
>
> **FILED:**       **January 9, 2017**

     Plaintiff, Celalettin Akarcay, seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on November 17, 2016. Doc. No. 22. Counsel for Plaintiff represents that the Commissioner does not object to the relief requested. Doc. No. 23, at 3. Thus, the motion is now ripe for consideration.

     Plaintiff through Richard A. Culbertson, Esq., his counsel of record, seeks an award of $3,830.35 in EAJA fees. *Id.* at 2. The fee request covers 1.0 hours of work in 2015 and 1.8 hours

of work in 2016 by Attorney Culbertson.  *Id.*    It also covers 1.3 hours of work in 2015 and 14.9[1] hours of work in 2016 by Sarah Fay, Esq.  *Id.*

The EAJA sets a ceiling of $125.00[2] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI").  28 U.S.C. § 2412(d)(2)(A).  Attorney Culbertson requests a fee at the rate of $190.27 per hour for work performed in 2015 and $191.68 per hour for work performed in 2016 by attorneys.  Doc. No. 23, at 2.  He provides an analysis of the cost-of-living adjustment using the CPI.  *Id.* at 9-10.  Independent calculations show that the average adjusted hourly rates for 2015 and 2016 are $190.29[3] and $191.70,[4] respectively.  Based on the cost-of-living adjustment, the requested rates for the work of attorneys do not exceed the EAJA cap of $125.00 per hour adjusted for inflation.  Accordingly, in the absence of objection, I recommend that the Court find that the rates requested for Attorneys Culbertson and Fay are reasonable.

---

[1] The motion actually states that Attorney Fay worked 15.9 hours in 2016.  Doc. No. 23, at 2. However, the hours reflected on Attorney Fay's timesheet for 2016 reflect 14.9 hours of work, not 15.9 hours of work.  *Id.* at 13 (calculated as follows: $5.5 + 3.5 + 5.0 + 0.1 + 0.8 = 14.9$).

[2] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996.  28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[3] This figure is calculated by taking the "Annual" CPI rate for 2015 and subtracting from it the March 1996 rate ($237.017 - 155.7 = 81.317$) and then dividing that number by the March 1996 rate ($81.317 \div 155.7 = 0.5223$).  These calculations result in the cost-of-living percentage increase from March 1996 through 2015.  The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA (($0.5223 \times 125) + 125 = 190.29$).  *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited Jan. 9, 2017).

[4] This figure is calculated by taking the "HALF 1" CPI rate for 2016 and subtracting from it the March 1996 rate ($238.778 - 155.7 = 83.078$) and then dividing that number by the March 1996 rate ($83.078 \div 155.7 = 0.5336$).  These calculations result in the cost-of-living percentage increase from March 1996 through June 2016.  The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA (($0.5336 \times 125) + 125 = 191.70$).  *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited Jan. 9, 2017).

I also recommend that the Court find that the total number of hours worked is reasonable in the absence of objection.

Finally, I note that Plaintiff filed a retainer agreement that includes an assignment of any fees awarded under the EAJA to his counsel. Doc. No. 23-1. Plaintiff represents that, if the Department of the Treasury determines that Plaintiff does not owe a federal debt, the Commissioner will honor the assignment and pay any fees directly to Attorney Culbertson. Doc. No. 23, at 2–3. Attorney Culbertson requests that the Court order that any EAJA fees be paid directly to him. *Id.* at 3. Because the Commissioner has taken inconsistent positions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel, but permit the Commissioner to do so in her discretion.

In light of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT in part** Plaintiff's Uncontested Motion for Attorney's Fees (Doc. No. 23) and **ORDER** the Commissioner to pay Plaintiff Celalettin Akarcay attorneys' fees in the amount of $3,638.67.[5]

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[5] As noted above in footnote 1, the motion incorrectly asserted that Attorney Fay performed 15.9 hours of work in 2016. When the proper figure of 14.9 hours is used, the total fee award is $3,638.67, calculated as follows: ($190.27 per hour x 1.0 hours worked by Attorney Culbertson in 2015 = $190.27) + ($191.68 per hour x 1.8 hours worked by Attorney Culbertson in 2016 = $345.02) + ($190.27 per hour x 1.3 hours worked by Attorney Fay in 2015 = $247.35) + ($191.68 per hour x 14.9 hours worked by Attorney Fay in 2016 = $2,856.03)= $3,638.67.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 11, 2017.

                    *Karla R. Spaulding*
                    KARLA R. SPAULDING
                    UNITED STATES MAGISTRATE JUDGE